■ CHARLES BERNTH, Appellant, v KING KULLEN GROCERY CO., INC., Respondent. [830 NYS2d 222]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated February 21, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly fell over an empty merchandise cart in the frozen food aisle of the defendant's supermarket. The cart was the type utilized by the defendant's employees to move merchandise from the storage area to the shelves and was approximately six feet long, five feet high, and one foot wide with orange bars on its sides. The plaintiff testified at his deposition that he saw several such carts in the center of the aisle and that he saw the empty cart his right leg came into contact with before his fall.

The defendant established its prima facie entitlement to judgment as matter of law by demonstrating that the alleged defective condition which caused the plaintiff to trip and fall was open and obvious and not inherently dangerous (*see Cupo v Karfunkel,* 1 AD3d 48 [2003]; *Mansueto v Worster,* 1 AD3d 412 [2003]; *Schoen v King Kullen Grocery Co.,* 296 AD2d 486 [2002]; *Tresgallo v Danica,* 286 AD2d 326 [2001]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Meagher-Cox v Winarski,* 32 AD3d 379 [2006]; *Tenenbaum v Best 21 Ltd.,* 15 AD3d 646 [2005]; *Mastellone v City of New York,* 29 AD3d 540 [2006]; *Cupo v Karfunkel, supra*). Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.