■ ALICIA SALOMON et al., Appellants, v ROSA PRAINITO, Respondent. [861 NYS2d 718]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated May 10, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The injured plaintiff (hereinafter the plaintiff) was a tenant in a three-family residential building owned by the defendant. A drainpipe led from the roof of the house to the ground. There, its contents emptied into a cylindrical pipe which ran along the edge of a paved walkway leading from the house toward the street. The plaintiff regularly used the walkway to gain access to her basement apartment.

According to the plaintiff, the cylindrical pipe running along the walkway would often be blown from its position at the edge of the walkway so that it lay partially across the walkway. On December 23, 2004 the plaintiff allegedly was injured when, as she walked up the middle of the paved walkway toward the house, her foot caught in the open end of the cylindrical pipe, which was not in its normal position at the side of the walkway. She and her husband, asserting derivative claims, commenced this action, contending that the drainpipe constituted a dangerous condition. After discovery was completed, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, finding that the drainpipe was open and obvious and not inherently dangerous. We reverse.

A landowner has a duty to exercise reasonable care to maintain its premises in a reasonably safe condition "in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding

the risk" (*Basso v Miller,* 40 NY2d 233, 241 [1976], quoting *Smith v Arbaugh's Rest., Inc.,* 469 F2d 97, 100 [1972]; *see Cupo v Karfunkel,* 1 AD3d 48, 51 [2003]; *Karsdon v Barringer,* 298 AD2d 501 [2002]). The owner, however, has no duty to protect against an open and obvious condition provided that, as a matter of law, the condition is not inherently dangerous (*see Cupo v Karfunkel,* 1 AD3d at 52; *see also Kaufmann v Lerner N.Y., Inc.,* 41 AD3d 660, 661 [2007]; *Vergara v A & S Twins Constr. Corp.,* 41 AD3d 588, 589 [2007]; *Bernth v King Kullen Grocery Co., Inc.,* 36 AD3d 844, 845 [2007]).

Here, the plaintiff conceded that the cylindrical pipe in its normal position—parallel to the walkway and running along its edge—was not inherently dangerous, and we agree. Nevertheless, we cannot conclude, as a matter of law, that the cylindrical pipe was not inherently dangerous when lying in the walkway. That the existence of the pipe was open and obvious when in that position does not preclude liability on the part of the defendant landowner, but is relevant, ultimately, to the plaintiff's comparative negligence in failing to see what she should have seen (*see Cupo v Karfunkel,* 1 AD3d at 52). In light of the defendant's failure to establish her prima facie entitlement to judgment as a matter of law, her motion for summary judgment should have been denied without consideration of the plaintiff's papers submitted in opposition (*see Smalls v AJI Indus., Inc.,* 10 NY3d 733, 735 [2008]; *Marshall v Institute for Community Living, Inc.,* 50 AD3d 975 [2008]). Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.