In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Johnson, J.), dated December 10, 2007, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly tripped and fell over a blue plastic crate on the floor of an aisle in the defendants’ store. The crate was about 15 inches high and 12 inches wide, and the aisle was uncluttered. The defendants moved for summary judgment dismissing the complaint contending, inter alia, that the crate which allegedly caused the plaintiff to fall was open and obvious and not inherently dangerous. The Supreme Court denied the motion. We reverse.
*633 A landowner has a duty to maintain his or her premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233, 241 [1976]). However, he or she has no duty to protect or warn against an open and obvious condition, which as a matter of law is not inherently dangerous (see Cupo v Karfunkel, 1 AD3d 48 [2003]). The defendants established, prima facie, their entitlement to judgment as a matter of law by showing that the crate which allegedly caused the plaintiff to fall was readily observable by the reasonable use of one’s senses and was not inherently dangerous (see Vergara v A & S Twins Constr. Corp., 41 AD 3d 588 [2007]; Bernth v King Kullen Grocery Co., Inc., 36 AD3d 844 [2007]; Schoen v King Kullen Grocery Co., 296 AD2d 486 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted the defendants’ motion for summary judgment dismissing the complaint. Rivera, J.P., Lifson, Eng and Chambers, JJ., concur.