■ AMALIA GRADWOHL et al., Appellants, v STOP & SHOP SUPERMARKET COMPANY, LLC, Respondent. [896 NYS2d 85]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated November 17, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On November 12, 2006, the plaintiff Amalia Gradwohl (hereinafter the injured plaintiff) allegedly tripped and fell over an empty "U-boat" dolly that had been left unattended in the produce aisle at a Stop & Shop Supermarket in Maspeth (hereinafter the defendant's premises).

The injured plaintiff and her husband, suing derivatively, commenced this action to recover damages for personal injuries allegedly sustained as a result of the defendant's alleged negligence. The complaint alleged, inter alia, that the U-boat dolly constituted a tripping hazard. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint on the ground that the U-boat dolly was open and obvious and that its placement did not constitute a dangerous condition as a matter of law. The Supreme Court granted the motion. We reverse.

The injured plaintiff testified at her deposition that, on the day in question, she went to the defendant's premises to shop with her husband and their daughter. The injured plaintiff was in the store for approximately 20 minutes before the accident occurred. Immediately prior to the accident, the injured plaintiff had been looking to her right in the direction of her husband. When her husband pointed to certain onions in the direction of the produce wall, the plaintiff turned to her left to select some onions, tripped over the U-boat dolly, and landed on the floor.

The plaintiffs testified that the U-boat dolly was dark-colored, approximately six feet long, 15 inches to two feet wide, on wheels, and very low to the ground. The photographs and the deposition testimony submitted in support of the motion demonstrated that the U-boat dolly had a platform and blue or dark handles at both ends. The various witnesses employed by the defendant testified that the U-boat dollies were used by store personnel to move merchandise between the stock room and the merchandise floor. The defendant's employees also testified that unattended U-boat dollies were required to be removed im-

mediately from the merchandise floor and not left on the merchandise floor. The injured plaintiff and her husband testified that they did not see the U-boat dolly that day prior to the accident. Indeed, one of the store managers testified that she did not recall observing a U-boat dolly without merchandise on it when she made her tour of the produce aisle a short time before the accident.

A store owner is charged with the duty of maintaining its premises in a reasonably safe condition for its patrons (*see generally Peralta v Henriquez*, 100 NY2d 139, 143 [2003]). To be entitled to summary judgment, the defendant was required to show, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have notice of or create a dangerous condition that posed a foreseeable risk of injury to persons expected to be on the premises (*see Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 71 [2004]; *Luksch v Blum-Rohl Fishing Corp.*, 3 AD3d 475, 476 [2004]; *Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071, 1072-1073 [1992]).

Here, the defendant does not argue that it did not create the condition of which the plaintiffs complain. Indeed, the defendant acknowledges that the U-boat dollies were for the use of store employees and not for the use of store patrons (*see Schloss v Stew Leonard's Yonkers, LLC*, 24 AD3d 223 [2005]). Rather, the defendant contends that it is entitled to judgment as a matter of law because the U-boat dolly was an open and obvious condition and that its placement did not constitute a tripping hazard (*see Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]).

Proof that a dangerous condition is open and obvious merely negates the defendant's obligation to warn of the condition, but does not preclude a finding of liability against a landowner for failure to maintain the property in a safe condition (*see Cupo v Karfunkel*, 1 AD3d at 52; *see also Slatsky v Great Neck Plumbing Supply, Inc.*, 29 AD3d 776, 777 [2006]; *Vinci v Vasaturo*, 8 AD3d 262, 263 [2004]; *Westbrook v WR Activities-Cabrera Mkts*, 5 AD3d at 71). While such proof is relevant to the issue of a plaintiff's comparative negligence (*see Cupo v Karfunkel*, 1 AD3d at 52; *see also Femenella v Pellegrini Vineyards, LLC*, 16 AD3d 546, 547 [2005]; *Vinci v Vasaturo*, 8 AD3d at 263; *Westbrook v WR Activities-Cabrera Mkts*, 5 AD3d at 72), a hazard that is open and obvious "may be rendered a trap for the unwary where the condition is obscured by crowds or the *plaintiff's attention is otherwise distracted*" (*Mauriello v Port Auth. of N.Y. & N.J.*, 8 AD3d 200, 200 [2004] [emphasis added and citations omitted]; *see Michalski v Home Depot, Inc.*, 225 F3d 113, 120 [2000]).

Here, viewing the evidence submitted in support of the de-

fendant's summary judgment motion in the light most favorable to the plaintiffs, the nonmoving parties (*see generally Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.,* 7 NY3d 96, 105-106 [2006]), the defendant failed to establish as a matter of law that it maintained the premises in a reasonably safe condition (*see Schloss v Stew Leonard's Yonkers, LLC,* 24 AD3d at 223; *Mauriello v Port Authority of N.Y. & N.J.,* 8 AD3d at 200-201; *Westbrook v WR Activities-Cabrera Mkts,* 5 AD3d at 75; *Sanchez v Toys "R" Us,* 303 AD2d 165 [2003]; *Michalski v Home Depot,* 225 F3d at 121; *see also McLachlan v R & S, Inc.,* 52 AD3d 662 [2008]; *Moloney v Wal-Mart Stores,* 2 AD3d 508, 509-510 [2003]).

Further, recent cases from this Court involving similar devices are distinguishable and do not command a different result (*see e.g. Stern v Costco Wholesale,* 63 AD3d 1139 [2009] [plaintiff fell over a shopping cart that was available for use by store patrons]; *Bernth v King Kullen Grocery Co., Inc.,* 36 AD3d 844 [2007] [plaintiff conceded that he observed several similar carts in the aisle before his fall, including the subject cart with which his foot came in contact and which had bright orange handles]).

Since the defendant did not meet its prima facie burden, it is unnecessary to consider the adequacy of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.