In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated January 4, 2010, as denied their motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
During the afternoon of June 9, 2007, the plaintiff allegedly was injured when she tripped and fell over a sprinkler head, located on her front lawn, which had failed to retract into the ground despite the sprinkler system not being in operation at the time of the accident. The sprinkler head, which was approximately four inches high and two inches wide, and black in color, was situated in the corner of the front lawn immediately adjacent to the black asphalt driveway and the curb.
The plaintiffs home is located within a development called Strathmore Terrace Community, which is operated by the defendant Strathmore Terrace Homeowners Association, Inc. (hereinafter the Strathmore HO A). The defendant Fairfield Properties Services, HP, managed the property. The plaintiff paid a monthly fee to the Strathmore HOA for maintenance of the grounds, including the sprinkler system.
The plaintiff commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, denied the defendants’ motion. We affirm the order insofar as appealed from.
To demonstrate entitlement to summary judgment in a trip- and-fall case, the defendants had to establish that they maintained the premises in a reasonably safe condition and that they did not create a dangerous or defective condition on their property or have either actual or constructive notice of a dangerous or defective condition for a sufficient length of time to remedy it (see Molloy v Waldbaum, Inc., 72 AD3d 659 [2010]; Gradwohl v Stop & Shop Supermarket Co., LLC, 70 AD3d 634, 636 [2010]; see also Hayden v Waldbaum, Inc., 63 AD3d 679 [2009]; Denker v Century 21 Dept. Stores, LLC, 55 AD3d 527 [2008]).
Here, the defendants failed to meet their burden of establish *1062 ing that, as a matter of law, they maintained the premises in a reasonably safe condition (see Gradwohl v Stop & Shop Supermarket Co., LLC, 70 AD3d at 636). Although the defendants argued, inter alia, that the unretracted sprinkler head was an open and obvious condition which was not inherently dangerous, under these circumstances, it cannot be determined, as a matter of law, that the defendants were entitled to summary judgment dismissing the complaint (see Shah v Mercy Med. Ctr., 71 AD3d 1120 [2010]; Cooper v American Carpet & Restoration Servs., Inc., 69 AD3d 552 [2010]; Mazzarelli v 54 Plus Realty Corp., 54 AD3d 1008 [2008]; Salomon v Prainito, 52 AD3d 803 [2008]; Mauriello v Port Auth. of N.Y. & N.J., 8 AD3d 200 [2004]; Cupo v Karfunkel, 1 AD3d 48, 52 [2003]). “The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question for a jury” (Shah v Mercy Med. Ctr., 71 AD3d at 1120). Moreover, “[a] condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted” (id.; see Mazzarelli v 54 Plus Realty Corp., 54 AD3d 1008 [2008]). Here, given the dimensions of the sprinkler head and its location on the lawn in an area close to where pedestrians would be traversing, a triable issue of fact exists as to whether the unretracted sprinkler head was an open and obvious condition.
Moreover, “[p]roof that a dangerous condition is open and obvious merely negates the defendant’s obligation to warn of the condition, but does not preclude a finding of liability against a landowner for failure to maintain the property in a safe condition” (Gradwohl v Stop & Shop Supermarket Co., LLC, 70 AD3d at 636; see Cupo v Karfunkel, 1 AD3d 48 [2003]). Here, even though the plaintiff was aware of the location of the sprinkler head, it failed to retract into the ground as it should have, since the sprinkler system was not in operation at the time of the accident. Thus, the defendants failed to establish, as a matter of law, that the sprinkler head was not inherently dangerous as a matter of law (see Cooper v American Carpet & Restoration Servs., Inc., 69 AD3d 552 [2010]; Salomon v Prainito, 52 AD3d 803 [2008]; Cupo v Karfunkel, 1 AD3d 48, 52 [2003]).
In addition, the defendants failed to submit evidence establishing that no question of fact existed as to whether their employees lacked either actual or constructive notice of the defective sprinkler head (see Granillo v Toys “R” Us, Inc., 72 AD3d 1024 [2010]; Molloy v Waldbaum, Inc., 72 AD3d 659 [2010]).
Accordingly, the Supreme Court properly denied the defendants’ motion for summary judgment dismissing the complaint *1063 regardless of the sufficiency of the plaintiffs opposition papers (see Winegrad v New York XJniv. Med. Ctr., 64 NY2d 851 [1985]). Covello, J.P., Santucci, Balkin and Austin, JJ., concur.