■ DOROTHY RUSSO, Appellant, v HOME GOODS, INC., et al., Respondents. [990 NYS2d 95]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated May 1, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly tripped and fell over an empty dolly, known as a "pallet jack," that had been left in an aisle at a store owned by the defendants. The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, that the pallet jack constituted a tripping hazard. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint on the grounds that the pallet jack in the aisle was open and obvious, and not inherently dangerous, as a matter of law. We reverse.

At her deposition, the plaintiff testified that, on the day at issue, she was alone and wanted to purchase a lamp at the defendants' store. According to the plaintiff, as she entered an aisle, she was looking up at lamps on shelves. She did not look down and, after taking two steps into the aisle, she tripped over an empty pallet jack, her right knee hit the pallet jack as she fell forward, and her whole body ultimately landed completely

flat, with her face down, on top of the pallet jack. Although the plaintiff could not recall the exact height of the pallet jack, she indicated that it was below her knee and low to the ground. The plaintiff called the pallet jack a "dolly," and testified that it was long, square, and made of wood and/or iron, had wheels, had a handle sticking up in the back of it, away from her, and did not have anything on top of it or near it. The plaintiff testified that, prior to the incident, she had not seen the pallet jack in the store.

The manager employed by the defendants, who was on duty the day of the incident, testified at her deposition that employees of the store had put a shelf on the pallet jack to create a "flatbed" so that the defendants' employees could use it to carry furniture and other merchandise out to customers' cars in the parking lot. She also testified that their usual practice is to store the pallet jacks in the stockroom immediately after use, and that pallet jacks are not supposed to be left unattended because they are a tripping hazard. However, she acknowledged that, when she saw the plaintiff, there was an unattended pallet jack nearby, surrounded by shopping carts.

Store owners are charged with the duty of keeping their premises in a reasonably safe condition for the benefit of their customers (*see Peralta v Henriquez*, 100 NY2d 139, 143 [2003]). "To be entitled to summary judgment, the defendant was required to show, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have notice of or create a dangerous condition that posed a foreseeable risk of injury to persons expected to be on the premises" (*Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 636 [2010]).

Proof that a dangerous condition is open and obvious does not preclude a finding of liability against an owner for failure to maintain property in a safe condition (*see Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]; *Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d at 635-636). While such proof is relevant to the issue of the plaintiff's comparative negligence, a hazard that is open and obvious "may be rendered a trap for the unwary where the condition is obscured or the plaintiff distracted" (*Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]; *see Mauriello v Port Auth. of N.Y. & N.J.*, 8 AD3d 200 [2004]). "The determination of '[w]hether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances'" (*Clark v AMF Bowling Ctrs., Inc.*, 83 AD3d 761, 761 [2011], quoting *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d at 1009), and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of

the specific facts of each case (*see Clark v AMF Bowling Ctrs., Inc.*, 83 AD3d at 762; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d at 1009; *Mauriello v Port Auth. of N.Y. & N.J.*, 8 AD3d at 200).

Here, the defendants contend that, even if they created the condition at issue, they are entitled to judgment as a matter of law because the pallet jack in the aisle was an open and obvious condition, and not inherently dangerous. However, viewing the evidence in the light most favorable to the plaintiff, the defendants failed to eliminate all triable issues of fact as to whether the pallet jack was inherently dangerous (*see Salomon v Prainito*, 52 AD3d 803, 805 [2008]), and failed to establish prima facie that they maintained the premises in a reasonably safe condition (*see Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d at 636-637; *Schloss v Stew Leonard's Yonkers, LLC*, 24 AD3d 223 [2005]). Due to the defendants' safety concerns, the pallet jack was not supposed to be left unattended, and was to be used solely by store employees, who were instructed to immediately return the pallet jack to the stockroom after use. Indeed, the defendants' manager acknowledged that the pallet jacks are to be used solely by the store employees, and not by store customers (*see Schloss v Stew Leonard's Yonkers, LLC*, 24 AD3d 223 [2005]; *see also Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d at 636) and that they should be kept in the stockroom because they are a tripping hazard. In addition, the pallet jack was low to the ground and empty, had no distinguishing features, and, since the plaintiff was looking up at lamps on the shelves, she did not see it prior to the alleged accident. Given the totality of these circumstances, the defendants have failed to eliminate triable issues of fact as to whether they created an unsafe condition for the plaintiff (*see Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d at 636-637).

Other cases decided by this Court involving similar devices in aisles are distinguishable and do not require a different result (*see Flaim v Hex Food, Inc.*, 79 AD3d 797 [2010] [four or five boxes were piled on top of dolly in supermarket aisle]; *Stern v Costco Wholesale*, 63 AD3d 1139 [2009] [cart was bright orange and used by both employees and customers]; *Bernth v King Kullen Grocery Co., Inc.*, 36 AD3d 844 [2007] [cart was five feet high with orange bars on its sides and plaintiff saw several carts in aisle, including cart he subsequently fell over]).

As the defendants did not meet their prima facie burden, it is unnecessary to consider the adequacy of the plaintiff's opposition papers (*see Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d at 637).

Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been denied. Hall, J.P., Roman, Duffy and LaSalle, JJ., concur.