In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered October 6, 2016, which granted the defendant’s motion for summary judgment dismissing the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 On July 31, 2014, at approximately 9:00 p.m., the plaintiff and a friend were playing catch with a football in an open grassy area in a park owned and operated by the defendant. At one point, the plaintiff went backward and jumped up to catch the football, and his left arm came into contact with a corner of a metal sign attached to a light pole. The pole was in a children’s playground in the park. The playground abutted the grassy area and was separated from the open grassy area by a wooden border about eight inches in height. The sign was approximately six feet, seven inches above ground level. The plaintiff and his friend had been playing catch for about 15 minutes prior to the subject accident, and the plaintiff knew of the existence of the sign prior to the accident.
 

 The plaintiff commenced this personal injury action against the defendant. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. While we affirm the order appealed from, we do so on a ground different from that relied upon by the Supreme Court.
 

 “A landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff’s presence on the property” (Groom v Village of Sea Cliff, 50 AD3d 1094, 1094 [2008] [internal quotation marks omitted]; see Mossberg v Crow’s Nest Mar. of Oceanside, 129 AD3d 683 [2015]; see also Basso v Miller, 40 NY2d 233 [1976]). “[An] owner, however, has no duty to protect against an open and obvious condition provided that, as a matter of law, the condition is not inherently dangerous” (Salomon v Prainito, 52 AD3d 803, 805 [2008]; see Lee v Acevedo, 152 AD3d 577 [2017]; Cupo v Karfunkel, 1 AD3d 48, 52 [2003]). Here, the defendant established, prima facie, that the sign that the plaintiff came into contact with was open and obvious, as it was not only readily observable by those employing the reasonable use of their senses, but was known to the plaintiff prior to the accident and, as a matter of law, was not inherently dangerous (see Calise v Costco Wholesale Corp., 124 AD3d 815, 816 [2015]; see also Cherry v Hofstra Univ., 274 AD2d 443 [2000]). Contrary to his contentions on appeal, the plaintiff, in opposition, failed to raise a triable issue of fact as to whether the sign was inherently dangerous.
 

 In light of our determination, the remaining contention of the defendant, concerning the application of the doctrine of primary assumption of risk, need not be addressed.
 

 Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint.
 

 Austin, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.