Graffino v City of New York (2018 NY Slip Op 04702)





Graffino v City of New York


2018 NY Slip Op 04702


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2015-06428
 (Index No. 101356/11)

[*1]Anthony Graffino, etc., appellant, 
v
City of New York, et al., respondents.


Krentsel & Guzman, LLP (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Nicholas P. Hurzeler of counsel), for respondents City of New York and New York City Department of Transportation.
James J. Toomey, New York, NY (Eric P. Tosca of counsel), for respondent V.N.A. Utility Contracting Co., Inc.
Leahey & Johnson, P.C., New York, NY (Peter James Johnson, Jr., and Joanne Filiberti of counsel), for respondent Verizon New York, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of Supreme Court, Richmond County (Desmond A. Green, J.), dated April 16, 2015. The order, insofar as appealed from, granted the separate motions of the defendants City of New York and New York City of Department of Transportation, the defendant Verizon New York, Inc., and the defendant V.N.A. Utility Contracting Co., Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.
The plaintiff's decedent allegedly was injured when she tripped and fell on the sidewalk in front of her residence. The accident allegedly occurred when the decedent stepped backwards and her left foot became caught in a depressed area surrounding a utility box that was recessed into the sidewalk. The utility box was owned by the defendant Verizon New York, Inc. (hereinafter Verizon), and had been installed by the defendant V.N.A. Utility Contracting Co., Inc. (hereinafter VNA), years before the decedent's accident. Thereafter, the decedent, and her husband [*2]suing derivatively, commenced this action. Subsequently, the defendants City of New York and New York City Department of Transportation (hereinafter together the City defendants), Verizon, and VNA separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court, inter alia, granted the defendants' motions. The plaintiff Anthony Graffino, as the administrator of the decedent's estate, and in his individual capacity, appeals.
There is " no duty to protect against an open and obvious condition provided that, as a matter of law, the condition is not inherently dangerous'" (Genefar v Great Neck Park Dist., 156 AD3d 762, 763, quoting Salomon v Prainito, 52 AD3d 803, 805; see Mathis v D.D. Dylan, LLC, 119 AD3d 908, 909; Losciuto v City Univ. of N.Y., 80 AD3d 576, 576; Cupo v Karfunkel, 1 AD3d 48, 52). "While the issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question, a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion, and may do so on the basis of clear and undisputed evidence" (Tagle v Jakob, 97 NY2d 165, 169 [citations omitted]). "Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances" (Katz v Westchester County Healthcare Corp., 82 AD3d 712, 713; see Atehortua v Lewin, 90 AD3d 794). Similarly, the determination of whether "a condition is not inherently dangerous . . . depends on the totality of the specific facts of each case" (Russo v Home Goods, Inc., 119 AD3d 924, 925-926; see Salomon v Prainito, 52 AD3d at 805).
Here, contrary to the plaintiff's contention, each of the defendants established, prima facie, that the complained-of condition "was open and obvious, as it was not only readily observable by those employing the reasonable use of their senses, but was known to [the decedent] prior to the accident and, as a matter of law, was not inherently dangerous" (Genefar v Great Neck Park Dist., 156 AD3d at 763; see Mathis v D.D. Dylan, LLC, 119 AD3d at 909; Capozzi v Huhne, 14 AD3d 474, 474). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Genefar v Great Neck Park Dist., 156 AD3d at 762). Accordingly, the Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.
In light of our determination, the parties' remaining contentions have been rendered academic.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court