Holmes v Macy's Retail Holdings, Inc. (2020 NY Slip Op 03503)





Holmes v Macy's Retail Holdings, Inc.


2020 NY Slip Op 03503


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-09732
 (Index No. 707884/15)

[*1]Keisha Holmes, respondent, 
v
Macy's Retail Holdings, Inc., etc., et al., appellants.


Braff, Harris, Sukoneck & Maloof, New York, NY (Annie Cha and Brian Harris of counsel), for appellants.
Raphaelson & Levine Law Firm, P.C., New York, NY (Steven C. November of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered July 12, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging that she sustained injuries when she tripped and fell on a wooden pallet on the floor of a basement hallway of the defendants' store. The wooden pallet was partially blocking the entrance to a stockroom that the plaintiff was attempting to enter. Following discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the defendants' motion. The defendants appeal.
A landowner has a duty to maintain its premises in a reasonably safe condition (see Peralta v Henriquez, 100 NY2d 139, 144; Basso v Miller, 40 NY2d 233, 241). There is, however, no duty to protect or warn against conditions that are open and obvious and not inherently dangerous (see Cupo v Karfunkel, 1 AD3d 48, 51). Proof that a dangerous condition is open and obvious does not preclude a finding of liability against an owner for failure to maintain property in a safe condition (see Gradwohl v Stop & Shop Supermarket Co., LLC, 70 AD3d 634, 635-636; Cupo v Karfunkel, 1 AD3d at 52). "The determination of [w]hether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances'" (Clark v AMF Bowling Ctrs., Inc., 83 AD3d 761, 761, quoting Mazzarelli v 54 Plus Realty Corp., 54 AD3d 1008, 1009), and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case (see Robbins v 237 Ave. X, LLC, 177 AD3d 799, 799-800; Clark v AMF Bowling Ctrs., Inc., 83 AD3d at 762; Mazzarelli v 54 Plus Realty Corp., 54 AD3d at 1009; Mauriello v Port Auth. of N.Y. & N.J., 8 AD3d 200, 200).
Here, the defendants failed to establish, prima facie, that the wooden pallet that partially blocked the doorway was not a hazardous condition and that they maintained their premises in a reasonably safe condition (see Russo v Home Goods, Inc., 119 AD3d 924; Gradwohl v Stop & [*2]Shop Supermarket Co., LLC, 70 AD3d at 635-636; Salomon v Prainito, 52 AD3d 803). According to the deposition testimony of the defendants' employee, pallets were not allowed to be positioned on the floor in a manner where they partially blocked an entrance. The defendants also failed to establish, prima facie, that they did not have constructive notice of the condition that caused the plaintiff to fall (see Birnbaum v New York Racing Assn., Inc., 57 AD3d 598).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., COHEN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court