Sonera v 147-16 Hillside Ave. Corp. (2022 NY Slip Op 04574)

Sonera v 147-16 Hillside Ave. Corp.

2022 NY Slip Op 04574

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2018-14384
2018-14385
2019-09217
 (Index No. 711718/15)

[*1]Yvonne Sonera, appellant, 
v
147-16 Hillside Avenue Corp., defendant third-party plaintiff-respondent, Punto Rojo Bakery, Coffee & Restaurant II, Corp., et al., defendants-respondents; Edien Hincapie, et al., third- party defendants-respondents.

Segan, Nemerov & Singer, New York, NY (William B. Stock and Jeffrey A. Nemerov of counsel), for appellant.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for defendant third-party plaintiff-respondent.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Christi M. Kunzig of counsel), for defendants-respondents and third-party defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered November 15, 2018, (2) an order of the same court, also entered November 15, 2018, and (3) an order of the same court entered July 23, 2019. The first order entered November 15, 2018, insofar as appealed from, granted that branch of the motion of the defendant 147-16 Hillside Avenue Corp. which was for summary judgment dismissing the complaint insofar as asserted against it. The second order entered November 15, 2018, insofar as appealed from, granted that branch of the motion of the defendants Punto Rojo Bakery, Coffee & Restaurant II, Corp., Punto Rojo Bakery, Coffee & Restaurant Corp., Punto Rojo, Inc., and the third-party defendants which was for summary judgment dismissing the complaint insofar as asserted against the defendants Punto Rojo Bakery, Coffee & Restaurant II, Corp., Punto Rojo Bakery, Coffee & Restaurant Corp., and Punto Rojo, Inc., and denied the plaintiff's cross motion pursuant to CPLR 3025 for leave to amend her bill of particulars insofar as asserted against those defendants. The order entered July 23, 2019, insofar as appealed from, in effect, upon reargument, adhered to the determination in the first order entered November 15, 2018, granting that branch of the motion of the defendant 147-16 Hillside Avenue Corp. which was for summary judgment dismissing the complaint insofar as asserted against it and, in effect, denied the plaintiff's cross motion pursuant to CPLR 3025 for leave to amend her bill of particulars insofar as asserted against that defendant.
ORDERED that the appeal from the first order entered November 15, 2018, is dismissed, as the portion of the order appealed from was superseded by so much of the order entered [*2]July 23, 2019, as was made upon reargument; and it is further,
ORDERED that the second order entered November 15, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered July 23, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
On November 14, 2013, at approximately 7:00 p.m., the plaintiff allegedly sustained personal injuries when she tripped on an A-frame sign outside a restaurant called Punto Rojo Bakery, Coffee & Restaurant. The sign was approximately three or four feet tall.
The plaintiff commenced this personal injury action against Punto Rojo Bakery, Coffee & Restaurant II, Corp., Punto Rojo Bakery, Coffee & Restaurant Corp., and Punto Rojo, Inc., which allegedly owned the restaurant (hereinafter collectively the restaurant defendants) and against 147-16 Hillside Avenue Corp., the owner of the premises in which the restaurant was located (hereinafter the landlord). The landlord moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and the restaurant defendants and the third-party defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the restaurant defendants. The plaintiff opposed the motions and submitted two cross motions pursuant to CPLR 3025 for leave to amend her bill of particulars insofar as asserted against the restaurant defendants and the landlord. By order entered November 15, 2018, the Supreme Court, inter alia, granted that branch of the landlord's motion which was for summary judgment dismissing the complaint insofar as asserted against it and stated that the plaintiff had failed to submit an opposition to the landlord's motion. In a second order entered November 15, 2018, the court, inter alia, granted that branch of the motion of the restaurant defendants and the third-party defendants which was for summary judgment dismissing the complaint insofar as asserted against the restaurant defendants and denied the plaintiff's cross motion pursuant to CPLR 3025 for leave to amend her bill of particulars insofar as asserted against the restaurant defendants. Thereafter, the plaintiff moved, in effect, for leave to reargue her opposition to the landlord's motion, contending that she had, in fact, filed an opposition to the landlord's motion. By order entered July 23, 2019, the Supreme Court, inter alia, in effect, granted the plaintiff's motion for leave to reargue, and thereupon adhered to its prior determination granting that branch of the landlord's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The court also denied the plaintiff's cross motion pursuant to CPLR 3025 for leave to amend her bill of particulars insofar as asserted against the landlord. The plaintiff appeals.
A landowner or a party in possession or control of real property has a duty to maintain its premises in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Spina v Brookwood Ronkonkoma, LLC, 185 AD3d 621, 621; Locke v Calamit, 175 AD3d 560, 561). However, there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous (see Spina v Brookwood Ronkonkoma, LLC, 185 AD3d at 621; Genefar v Great Neck Park Dist., 156 AD3d 762, 763; Cupo v Karfunkel, 1 AD3d 48, 52).
Here, in support of their motions, the defendants submitted, inter alia, a transcript of the plaintiff's deposition testimony, wherein she testified that she saw the sign, which came up to her hip, as she entered the restaurant and saw it again as she exited, before she tripped on it. The plaintiff also testified that, at the time of the accident, she lived across the street from the restaurant and she saw the sign every time she walked down the street. This testimony demonstrated, prima facie, that the sign was open and obvious and not inherently dangerous (see Spina v Brookwood Ronkonkoma, LLC, 185 AD3d at 621; Ramirez v Creative Linen House, Inc., 170 AD3d 913; Genefar v Great Neck Park Dist., 156 AD3d at 763). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the landlord's motion which was for summary judgment dismissing the complaint insofar as asserted against it and properly granted that branch of the motion of the restaurant defendants and the third-party defendants which was for summary judgment dismissing the complaint insofar as asserted against the restaurant defendants.
In light of our determination, we need not address the plaintiff's contention that the Supreme Court should have granted her cross motions for leave to amend the bill of particulars.
BARROS, J.P., CONNOLLY, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court