Osterhoudt v Acme Mkts., Inc. (2023 NY Slip Op 01339)

Osterhoudt v Acme Mkts., Inc.

2023 NY Slip Op 01339

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

535024 
[*1]Timothy Osterhoudt, Respondent,
v
Acme Markets, Inc., Appellant.

Calendar Date:January 17, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Mintzer Sarowtiz Zeris Ledva & Meyers LLP, New York City (Thomas G. Darmody of counsel), for appellant.
Basch & Keegan LLP, Kingston (Derek J. Spada of counsel), for respondent.

McShan, J.
Appeal from an order of the Supreme Court (James P. Gilpatric, J.), entered February 15, 2022 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff commenced this action to recover for personal injuries he sustained in September 2019 while completing a delivery at defendant's premises located in the Town of Patterson, Putnam County. Specifically, plaintiff alleges that he suffered injuries when he tripped over a pallet jack that had been left in an area just inside defendant's store delivery entrance and that it was defendant's failure to maintain its premises in a reasonably safe condition that caused his trip and fall. After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied defendant's motion, and defendant appeals.
We affirm. "Ordinarily, a defendant moving for summary judgment in a trip and fall case must establish that its property had been maintained in a reasonably safe condition and that it neither created nor had actual or constructive notice of the dangerous condition that caused the plaintiff's fall" (Bovee v Posniewski Enters., Inc., 206 AD3d 1112, 1112 [3d Dept 2022] [citations omitted]; see Carpenter v Nigro Cos., Inc., 203 AD3d 1419, 1420 [3d Dept 2022]). Whether a condition is open and obvious does not preclude liability on a landowner as a matter of law; rather, it is a factor that "impact[s] the foreseeability of an accident and the comparative negligence of the injured party" (MacDonald v City of Schenectady, 308 AD2d 125, 129 [3d Dept 2003]; see Cupo v Karfunkel, 1 AD3d 48, 53 [2d Dept 2003]; Cohen v Shopwell, Inc., 309 AD2d 560, 561 [1st Dept 2003]). In this regard, "[t]he determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case" (Russo v Home Goods, Inc., 119 AD3d 924, 925-926 [2d Dept 2014] [internal quotation marks, brackets and citations omitted]; see Streit v Katrine Apts. Assoc., Inc., 212 AD3d 957, 959 [3d Dept 2023]; Breau v Burdick, 166 AD3d 1545, 1548 [4th Dept 2018]).
At his deposition, plaintiff testified that, on the date of his fall, he retrieved a bulk cart provided by his employer and kept on defendant's premises, loaded the cart and proceeded up a ramp to the entrance of defendant's receiving area. After defendant's employee opened the door, plaintiff entered walking backwards, which was necessary based upon, among other reasons, the size of his cart and the orientation of the door, which he held open to maneuver the cart through the doorway. While he was walking backwards and pulling the cart, plaintiff tripped over the forks of a pallet jack that protruded into the receiving area near the doorway. Although plaintiff had previously observed pallet jacks in various locations [*2]throughout defendant's receiving area during prior deliveries, plaintiff explained that on this occasion the pallet jack was not in its normal charging location and had instead been left in an area that was required to be free of obstructions. Defendant's employee confirmed that the pallet jack had been left charging in the location where defendant had tripped over it and that the battery had likely died the night before.
Defendant contends that it bore no responsibility for plaintiff's fall, as his decision to enter the store backwards was the sole proximate cause of his accident and, in any event, the pallet jack was an open and obvious condition and was not inherently dangerous. However, viewing the evidence in the light most favorable to plaintiff, as we must, we find that "defendant[ ] failed to eliminate all triable issues of fact as to whether the pallet jack was inherently dangerous, and failed to establish prima facie that [it] maintained the premises in a reasonably safe condition" (Russo v Home Goods, Inc., 119 AD3d at 926 [internal citation omitted]; see Firment v Dick's Sporting Goods, Inc., 160 AD3d 1259, 1260 [3d Dept 2018]). Plaintiff's familiarity with the presence of pallet jacks in defendant's store and his decision to enter the doorway walking backwards are factors that may be considered with respect to plaintiff's comparative negligence, but do not establish that defendant was free from fault as a matter of law (see Barley v Robert J. Wilkins, Inc., 122 AD3d 1116, 1118 [3d Dept 2014]; Wilson v Time Warner Cable, 6 AD3d 801, 802 [3d Dept 2004]). We likewise reject defendant's contention that the pallet jack was not inherently dangerous, as the determination of that issue is dependent on the totality of the surrounding circumstances, including the proximity of the pallet jack to the entryway of the receiving area (see McLaren v Mid-Town Athletic Club, LLC, 195 AD3d 1539, 1540 [4th Dept 2021]; Holmes v Macy's Retail Holdings, Inc., 184 AD3d 811, 811-812 [2d Dept 2020]; Salomon v Prainito, 52 AD3d 803, 805 [2d Dept 2008]; compare Connor v Taylor Rental Ctr., 278 AD2d 270, 270 [2d Dept 2000]). Finally, as the record establishes that the pallet jack was left in its location by defendant's employees, defendant failed to establish that it did not create the dangerous condition rendering the notice requirement inapplicable (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 75 [1st Dept 2004]; see also Russo v Home Goods, Inc., 119 AD3d at 926; Gradwohl v Stop & Shop Supermarket Co., LLC, 70 AD3d 634, 636 [2d Dept 2010]). Accordingly, we find that Supreme Court's denial of defendant's motion for summary judgment dismissing the complaint was proper.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.