Wolfe v Staples, Inc. (2024 NY Slip Op 00957)

Wolfe v Staples, Inc.

2024 NY Slip Op 00957

Decided on February 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 22, 2024

CV-23-0131
[*1]Danelle Wolfe, Appellant,
v
Staples, Inc., et al., Respondents.

Calendar Date:January 18, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Mackey, JJ.

Mainetti & Mainetti, PC, Kingston (John T. Casey Jr., Troy, of counsel), for appellant.
Pillinger Miller Tarallo, LLP, Syracuse (Maria Mastriano of counsel), for respondents.

Lynch, J.
Appeal from an order of the Supreme Court (Henry F. Zwack, J.), entered November 16, 2022 in Columbia County, which granted defendants' motion for summary judgment dismissing the complaint.
Plaintiff commenced this negligence action seeking to recover monetary damages for injuries she sustained after tripping over a protruding brace or stabilizer bar attached to the base of a rolling metal ladder while shopping at defendants' store in Columbia County. According to plaintiff, the back side of the ladder was situated against the shelves, with the stairs facing toward and into the center of the aisle. After retrieving a yearly planner on a shelf just to the right of the ladder, plaintiff maintains that she took one step back and, as she began to turn, tripped over the stabilizer bar. She fell to the floor, injuring her knee. After issue was joined, Supreme Court granted defendants' motion for summary judgment, reasoning that the ladder's stabilizer bar was readily observable and not inherently dangerous. Plaintiff appeals.
We reverse. "Store owners are charged with the duty of keeping their premises in a reasonably safe condition for the benefit of their customers" (Russo v Home Goods, Inc., 119 AD3d 924, 925 [2d Dept 2014] [citation omitted]). There is no serious dispute that the ladder was defendants and was left in the aisle, notwithstanding a store policy to remove the ladder from an aisle when not in use. As such, defendants failed to establish that their employees did not create the condition (see Osterhoudt v Acme Mkts., Inc., 214 AD3d 1181, 1183 [3d Dept 2023]; see generally Firment v Dick's Sporting Goods, Inc., 160 AD3d 1259, 1259-1260 [3d Dept 2018]). That the ladder was readily observable obviates defendants' duty to warn of the ladder's presence but not defendants' continuing obligation to maintain the property in a reasonably safe condition (see MacDonald v City of Schenectady, 308 AD2d 125, 126-129 [3d Dept 2003]). For her part, plaintiff acknowledged seeing the ladder, but was unaware of the protruding stabilizer bar prior to her fall. Given the circumstances surrounding the incident, we cannot agree with Supreme Court's assessment that the ladder was not inherently dangerous (see Osterhoudt v Acme Mkts., Inc., 214 AD3d at 1182-1183). The record includes a photograph of the ladder which shows that the stabilizer bar protruded out several inches on each side. This feature, coupled with the placement of the ladder into the center of the aisle, presented a potential tripping hazard. Viewing the evidence in the light most favorable to plaintiff as the nonmoving party (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), a question of fact remains as to whether defendants' premises were maintained in a reasonably safe condition. That question is for the trier of fact to resolve.
Egan Jr., J.P., Clark, McShan and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.