■ BRENDA L. CZERKAS et al., Appellants, v JONRE REALTY COMPANY, INC., et al., Respondents. (And a Third-Party Action.) [606 NYS2d 418] —Mikoll, J. Appeal from an order of the Supreme Court (Torraca, J.), entered April 7, 1993 in Ulster County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

---

Plaintiffs brought this action against defendants to recover damages for personal injuries sustained by plaintiff Brenda L. Czerkas (hereinafter Czerkas) and for the derivative claim of James Czerkas, her husband. Czerkas, a supermarket cashier for third-party defendant, Grand Union Company, Inc., went to the garbage room of the supermarket to empty a waste container. The supermarket is owned by defendant Jonre Realty Company, Inc. and leased to Grand Union. Defendant Mymar Associates is the managing agent for Jonre Realty. Czerkas testified at an examination before trial that she stepped down from a concrete platform in the garbage room onto a rug covering a metal object protruding up from the floor, causing her to fall and sustain the injuries alleged. The concrete platform was described as 12¼ inches high in an affidavit provided by Stanley Nitzky, a licensed architect who examined the premises at plaintiffs' request.

Following service of a bill of particulars, the commencement of the third-party action and certain examinations before trial, defendants moved for summary judgment dismissing the complaint. The motion was opposed and defendants submitted a reply affirmation. Supreme Court, *inter alia,* granted defendants' motion.

There should be an affirmance of the order of Supreme Court. The record indicates that there are no questions of fact requiring a trial. Defendants have established a prima facie defense requiring plaintiffs to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

Plaintiffs' argument that the concrete platform was a structural defect is rejected as there is no showing that the platform was constructed, maintained or controlled by the out-of-possession defendants, Jonre and Mymar. In the absence of a showing that an out-of-possession lessor retained control over the premises or was contractually obligated to repair unsafe conditions, the lessor cannot be held liable for injuries that occur on the premises *(Lafleur v Power Test Realty Co. Ltd. Partnership,* 159 AD2d 691, 691-692). Further, " '[a]bsent a duty imposed by statute, a landlord's mere reservation of the right to enter a leased premises to make repairs or correct improper conditions is insufficient to give rise to liability for a subsequently arising dangerous condition' " *(supra,* at 692, quoting *Silver v Brodsky,* 112 AD2d 213, 214).

Pursuant to the lease it was the responsibility of defendants

to make structural repairs and of Grand Union to keep the interior parts of the building in good repair. There is no proof that defendants constructed the drain. It was admitted that Grand Union placed the rug over the drain to obviate the indentation in the floor. The affidavit of plaintiffs' architect, Nitzky, indicated that the floor drain was 1¼ inches above the floor at the point of the drain. He described a circular area of broken concrete around the drain about 10 inches in diameter in a sketch he submitted with his affidavit. The center of the drain was shown to be located about 20 inches from the edge of the platform which Czerkas stepped off. In paragraph six of his affidavit, Nitzky stated that "the floor around the drain should have been patched to have the top of the drain aligned with the floor surface, thereby eliminating the drain as a tripping hazard". Thus, it appears that the condition producing the drain hazard was not structural but due to Grand Union's failure to keep the garbage room interior in good repair. The placing of the rug over the floor by Grand Union was poor maintenance. The failure to place or maintain a step between the platform and the floor in the garbage room does not appear to be a structural defect in the building for which defendants are responsible on this record.

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.