Richard BOYLES and Tyrie
Lyn Boyles, Plaintiffs,

v.

Lonnie PETRUCELLI, Defendant.

No. 94 CV 7286 (BDP).

United States District Court,
S.D. New York.

April 18, 1996.

Allan M. Silverstein, Goeghan, Cohen & Bongiorno, New York City, for Plaintiffs.

Anthony Xanthakis, Galvano & Xanthakis, New York City, for Defendant.

## MEMORANDUM DECISION and ORDER

PARKER, District Judge.

### BACKGROUND

This diversity action to recover damages for personal injuries sustained due to defendant's negligence is before this Court on defendant's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant Lonnie Petru-

celli, a resident of Ohio, is the owner of two houses on DeWitt Flats Road in Youngsville, N.Y. From November 1985 until November 1987, plaintiffs Richard and Tyrie Lyn Boyles leased the smaller of the two houses from Petrucelli pursuant to written lease agreements. Thereafter, until July 1993, the Boyles leased the smaller house without a written agreement. The Boyles contend that Petrucelli failed to fix a leak in the basement. As a result of her negligence, the Boyles allege, the steps leading to the basement rotted, and on December 15, 1992, collapsed beneath Richard as he descended into the basement.

The Boyles brought this action in negligence to recover damages for personal injuries sustained in connection with Richard's fall and Tyrie Lyn's loss of consortium. Petrucelli now moves to dismiss the complaint on the grounds that (1) she did not owe the Boyles a duty of care, and (2) she did not have notice of any dangerous condition.

## DISCUSSION

■ Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court's responsibility is to perform "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *McNeil v. Aguilos,* 831 F.Supp. 1079, 1082 (S.D.N.Y.1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1985)); *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See McNeil,* 831 F.Supp. at 1082 (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam) (other citations omitted)). *See also Couch Leatherware Co. v. AnnTaylor, Inc.,* 933 F.2d 162, 167 (2d Cir.1991) (citation omitted).

■ Because in a diversity action a district court applies the substantive law of the state in which it sits, New York law governs. *See Bank of New York v. Amoco Oil Co.,* 35 F.3d 643, 650 (2d Cir.1994). Under New York law, it is "well-settled that an out-of-possession landlord is not liable for injuries that occur on the premises where the lessor neither retains control over the premises nor is contractually obligated to remedy unsafe conditions." *Wright v. Feinblum,* 633 N.Y.S.2d 317, 318 (2d Dept.1995) (citations omitted). Further, "absent a duty imposed by statute, a landlord's mere reservation of the right to enter a leased premises to make repairs or correct improper conditions is insufficient to give rise to liability for a subsequently arising dangerous condition." *Czerkas v. Jonre Realty Co.,* 200 A.D.2d 821, 606 N.Y.S.2d 418 (3d Dept.1994).

■ Here, the parties executed a written lease agreement for the term of one year, beginning November 1, 1986 and ending November 1, 1987. Thereafter, until July of 1993, the Boyles continued to pay Petrucelli rent, although the parties did not execute another written lease agreement. Under New York law, if a landlord accepts rent from a tenant holding over after the expiration of a lease for a term greater than one month, then a month to month tenancy is created. *See* New York Real Property Law § 232–c. Furthermore, this new tenancy impliedly continues on the same terms and subject to the same covenants as those contained in the original lease. *See City of New York v. Pennsylvania R.R. Co.,* 37 N.Y.2d 298, 372 N.Y.S.2d 56, 58, 333 N.E.2d 361 (1975); *Lynch v. Savarese,* 629 N.Y.S.2d 804, 806 (2d Dept.1995).

According to the terms of the 1986–87 lease agreement, the parties agreed that the Tenant would keep the premises in "good order and repair," and if the Tenant defaulted the Landlord had the right to make repairs and charge the Tenant the cost. In addition, the parties agreed that the Landlord could enter the premises to examine, to

make repairs or alterations, and to show it to possible buyers, lenders or tenants. There is no evidence that the leak in the basement or the rotten condition of the stairs existed prior to the transfer of possession and control to the Boyles.

Thus, according to the express terms of the lease agreement, Petrucelli merely reserved the right to enter the leased premises to make repairs and the duty of maintaining the premises was placed upon the Boyles. Because there is no evidence that Petrucelli maintained control of the premises, there can be no liability. *See Wright,* 633 N.Y.S.2d at 318; *Czerkas,* 606 N.Y.S.2d at 419. The Court finds it unnecessary to reach the issue of whether there is a genuine issue of material fact as to whether Petrucelli had notice of any dangerous condition.

In conclusion, defendant's motion for summary judgment is granted. The Clerk of the Court is directed to close the case.

SO ORDERED.