■ CATRINA CONTI, Appellant, v EDWARD A. KIMMEL et al., Respondents. [680 NYS2d 90] —Appeal from order, Supreme Court, New York County (Carol Huff, J.), entered April 17, 1997, granting defendants' motion to dismiss the complaint at the close of plaintiff's case for plaintiff's failure to make out a prima facie entitlement to relief, deemed to be an appeal from the judgment, same court and Justice, entered April 17, 1997, dismissing the complaint and third-party complaint and, as so considered, the judgment unanimously affirmed, without costs.

Plaintiff's expert testified that the closed trap door was not structurally defective. The door became unsafe only after it was left in an open position. In these circumstances, the out-of-possession landlord cannot, as a matter of law, be held liable for plaintiff's injuries (*Brown v Weinreb*, 183 AD2d 562). Plaintiff's presently asserted claims relying on former provisions of the New York State Industrial Code (12 NYCRR 16.2 [e]; 16.5, 16.8) are unpreserved since they were not raised before the trial court (*supra,* at 563). In any event, the cited Code provisions do not impose a statutory obligation on the landlord to equip trap doors with moveable railings or other devices to prevent injury (*see, Fant v Mayer*, 250 AD2d 355; *Brown v Weinreb, supra*). Plaintiff's reliance on OSHA regula-

tions and the ANSI Code is similarly unavailing since these non-statutory provisions cannot be the basis of constructive notice imputed to the landlord (*Velazquez v Tyler Graphics*, 214 AD2d 489). Concur—Nardelli, J. P., Rubin, Tom and Andrias, JJ.