■ PETER ALAGNA et al., Appellants, v MARSH & McLENNAN COMPANIES et al., Defendants, and CUSHMAN & WAKEFIELD, INC., et al., Respondents. (And a Third-Party Action.) [693 NYS2d 132] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about August 26, 1998, which, to the extent appealed from, granted the motion of defendant Cushman & Wakefield and the cross motion of defendant SRC Contractors for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motions denied, the complaint reinstated against Cushman & Wakefield and SRC Contractors, and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered on or about December 7, 1998, which denied plaintiffs' motion to renew, unanimously dismissed, without costs, as academic.

In light of plaintiff's deposition testimony that the area of carpeting upon which he tripped frequently had raised carpet squares and that he had personally observed employees of defendant managing agent Cushman & Wakefield making repairs to that same part of the carpeting, issues of fact were raised as to whether Cushman & Wakefield had notice, actual or constructive, of the defect to which plaintiff attributes his injury and as to whether it had sufficient control over the accident site to be charged with liability for failing to remedy the alleged hazard. These issues were not properly resolved in the context of a motion for summary judgment (*see, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *Bronx County Pub. Adm'r v New York City Hous. Auth.*, 182 AD2d 517). Plaintiff's evidence as to the recurrent problem with the carpeting squares in the area of his accident also suffices to raise a triable issue as to whether repairs by defendant SRC Contractors to that same area of carpeting were negligently performed and whether the repaired squares were the proximate cause of plaintiff's fall. Accordingly, neither the motion nor the cross motion for summary judgment should have been granted. Concur—Ellerin, P. J., Mazzarelli, Rubin, Andrias and Buckley, JJ.