■ Joseph Morrone, Respondent-Appellant, v Chelnik Parking Corp. et al., Appellants-Respondents, and Southbridge Towers, Inc., Respondent. [701 NYS2d 48] —Judgment, Supreme Court, New York County (Lorraine Miller, J.), entered January 22, 1999, which granted the motion for summary judgment of defendant Southbridge Towers, Inc. and dismissed the complaint and cross claims against it, and denied the cross motion for summary judgment of defendants Chelnik Parking Corp. and Chelnik Parking Company, doing business as Ropetmar Garage, Inc. (the Chelnik defendants), unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 24, 1998, unanimously dismissed, without costs.

Plaintiff allegedly sustained injuries when he stepped into a drain, the removable cover of which was not sitting properly

and wobbled. The accident occurred in a parking garage operated by the Chelnik defendants and located in a building owned by Southbridge. The cause of the defect allegedly affecting the drain cover is unknown. Plaintiff contends that the Chelnik defendants should be held accountable for failing to remedy the alleged hazard since there are circumstances upon which the Chelnik defendants may be held to have been on constructive notice of the hazard's existence. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). While the Chelnik defendants met their burden as summary judgment movants to make a prima facie showing that the alleged hazard had not in fact been visible and apparent for a sufficient period prior to the accident (*see, Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437, *lv denied* 92 NY2d 805), summary judgment was not warranted in their favor because Mr. Arnone's affidavit and Mr. Rokicsak's deposition testimony were sufficient to raise factual issues as to whether the Chelnik defendants had constructive notice of the defective drain hole cover.

Mr. Rokicsak, the superintendent of the building, testified at his deposition that during the year preceding plaintiff's accident, he had seen the drain covers in the garage "in a condition other than level", and that he alerted Mr. Simmons, a Chelnik employee who runs the garage "that someone could trip", due to the hazard. Further, Mr. Arnone, plaintiff's friend, who was with him when he fell, submitted an affidavit which stated: "I know that this drain hole cover, as well as other drain hole covers in the garage area, *had been broken for months prior to the accident*" (emphasis supplied). These submissions were sufficient to create triable issues as to whether the allegedly defective drain cover was "visible and apparent" to the Chelnik defendants, or whether it "[e]xist[ed] for a sufficient length of time prior to the accident to permit * * * defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History, supra*, at 837; *Alagna v Marsh & McLennan Cos.*, 263 AD2d 430). Further, credibility issues should be submitted for resolution by the jury (*see, Josephson v Crane Club*, 264 AD2d 359).

However, as an out-of-possession landlord, Southbridge was entitled to summary judgment dismissing the complaint against it since the lease placed responsibility for everyday maintenance and repairs on the Chelnik defendants and there

was no showing that Southbridge retained control of the garage. A tilted and wobbly drain cover would not have constituted a structural defect, and plaintiff did not point to any specific statutory violations to support his claim that Southbridge breached a duty of care (*see, Velazquez v Tyler Graphics*, 214 AD2d 489; *Santiago v Port Auth.*, 203 AD2d 217, *lv denied* 84 NY2d 807). The record indicates that the landlord did not have any actual or constructive notice of the alleged defect nor did it consent to be responsible for its repair.

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Rosenberger, J. P., Tom, Mazzarelli, Lerner and Friedman, JJ.