■ DANIEL RAPINO et al., Respondents, v CITY OF NEW YORK et al., Appellants. [750 NYS2d 319] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Richmond County (Giacobbe, J.), entered June 22, 2000, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $155,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiffs brought the instant action to recover damages for personal injuries allegedly suffered when the injured plaintiff allegedly fell on a drain cover in the locker room floor inside the defendants' clubhouse.

At trial, the injured plaintiff estimated that he walked past the drain on 100 prior occasions. He acknowledged that he did not notice anything wrong with the drain cover prior to the accident.

The plaintiffs introduced into evidence at trial photographs of the scene of the accident which were taken by the injured

plaintiff about a week after the accident. The photographs show the drain cover in various positions as it was moved around with a pencil or ruler.

The photographs depict the drain cover as misaligned and rusted in spots. The injured plaintiff acknowledged that those photographs did not depict the precise position of the drain cover immediately after the accident. There is no evidence that the drain cover was misaligned before or at the time of the accident.

To establish constructive notice, the plaintiffs relied on the presence of rust on the drain cover. The plaintiffs' expert, who examined the photographs but never visited the site, testified that periodic inspections should have revealed that the drain cover was rusted and it should have been replaced many years before it loosened up. He testified that the type of drain cover depicted in the photographs was of a "snug fit" which did not screw in. According to the expert, such a drain cover is a tight fit if it is not rusted.

However, there is no evidence that rust would have alerted a layman that the drain cover was loose. If a defect could not have been discovered by a layman, even by inspection, it is considered a latent defect (*see Marquart v Yeshiva Machezikel Torah D'Chasidel Belz of N.Y.,* 53 AD2d 688, 690; *see also Ivancic v Olmstead,* 66 NY2d 349, 351).

Accordingly, the plaintiffs failed to establish that the presence of rust alone was sufficient to give the defendants constructive notice of the defect (*see Mingone v Ardsley Union Free School Dist.,* 215 AD2d 463; *Ferris v County of Suffolk,* 174 AD2d 70).

The plaintiffs' expert further testified that applicable industry standards required that surface hardware "shall be maintained flush with the surrounding circumstances." However, there is no evidence that prior to the accident the drain cover was not flush with the floor (*cf. Morrone v Chelnik Parking Corp.,* 268 AD2d 268).

In view of the foregoing, the plaintiffs failed to establish a prima facie case. Accordingly, the judgment is reversed, and the complaint is dismissed. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.