■ JOHN J. KACZMARSKI et al., Appellants, v RANSIER DEVELOPMENT CORPORATION et al., Respondents. [773 NYS2d 685]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered February 3, 2003. The order granted defendants' motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, against defendant The Zaepfel-Krog Corporation to the extent that it is based on negligent construction and reinstating the derivative cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff John J. Kaczmarski when he fell while descending stairs outside a commercial warehouse. Plaintiffs alleged that The Zaepfel-Krog Corporation (defendant), which built the warehouse and allegedly was the owners' managing agent thereof, was negligent in the construction and maintenance of the stairs. We conclude that Supreme Court properly granted that part of defendants' motion seeking summary judgment dismissing the complaint against defendant to the extent that it is based on negligent maintenance, but we agree with plaintiffs that the court erred in granting that part of the motion dismissing the complaint, as amplified by the bill of particulars, to the extent that it is based on negligent construction. With respect to negligent maintenance, defendant met its initial burden by establishing that, under the lease

governing the premises, neither the property owners nor defendant owed or undertook any duty to maintain the stairs (*see Czerkas v Jonre Realty Co.*, 200 AD2d 821, 822-823 [1994]), and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). No evidence was submitted in support of the motion to establish that the stairs were not negligently constructed, however, and thus defendant failed to meet its initial burden with respect to negligent construction (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Colonno v Executive I Assoc.*, 228 AD2d 859, 860 [1996]). We therefore modify the order accordingly. Present—Wisner, J.P., Hurlbutt, Kehoe, Lawton and Hayes, JJ.