Broughal v Tae J. Kwon (2020 NY Slip Op 01594)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Broughal v Tae J. Kwon

2020 NY Slip Op 01594

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-06000
(Index No. 609118/16)

[*1]Peter T. Broughal, respondent, 
vTae J. Kwon, et al., appellants.

Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for appellants.
Stephen G. Reddan, Valley Stream, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered March 13, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On the morning of February 12, 2015, the plaintiff allegedly slipped and fell on ice on a walkway located to the side of the defendants' strip mall. The plaintiff was the owner and operator of nonparty PTB, Inc., doing business as Fibber McGee's, which leased the premises abutting the side walkway from the defendants. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. The defendants appeal.
An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a "duty imposed by statute or assumed by contract or a course of conduct" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18; see Gronski v County of Monroe, 18 NY3d 374, 380-381; Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 566; Richer v JQ II Assoc., LLC, 166 AD3d 692, 693; Casson v McConnell, 148 AD3d 863, 864). The defendants established, prima facie, that pursuant to the lease agreement, the tenant was responsible for removing snow and ice from the walkway where the accident occurred (see Bartels v Eack, 164 AD3d 1202; Chapman v MCS Realty, LLC, 92 AD3d 913; Lindquist v C & C Landscape Contrs., Inc., 38 AD3d 616, 617). In opposition, the plaintiff failed to raise a triable issue of fact.
The defendants, however, failed to establish, prima facie, that they had no duty to maintain the drainage system, that they adequately maintained the drainage system, and that their maintenance of the drainage system did not proximately cause the plaintiff's injuries (see Bartels v Eack, 164 AD3d 1202; Schmidt v DiPerno, 25 AD3d 545). Therefore, in regard to the drainage system, the burden never shifted to the plaintiff to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court