Jack v Weiner (2021 NY Slip Op 06837)





Jack v Weiner


2021 NY Slip Op 06837


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-04778
 (Index No. 70693/14)

[*1]Bentley Jack, et al., respondents,
v
Adam Weiner, et al., appellants, Donald R. Young, etc., et al., defendants.


Devitt Spellman Barrett LLP, Smithtown, NY (John M. Denby, Maggie O'Connor, and Christi M. Kunzig of counsel), for appellants.
Pazer Epstein Jaffe & Fein P.C., New York, NY (Jason Levine of counsel), for respondents.
Melito & Adolfsen P.C., New York, NY (Steven I. Lewbel of counsel), for defendant Donald R. Young.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the defendants Adam Weiner and Stephanie Kaplan appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated March 7, 2018. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Bentley Jack (hereinafter the plaintiff) allegedly was injured on July 18, 2013, when he was installing a new air conditioning unit in the unfinished attic of a house owned by the defendants Adam Weiner and Stephanie Kaplan. The plaintiff was kneeling on a piece of wood placed over a square or rectangular area of the attic where part of a joist had been removed several years earlier. As the plaintiff was working, the piece of wood suddenly gave way, causing the plaintiff to fall through the insulation and sheetrock onto a staircase and tumble to the floor below.
The plaintiff, and his wife suing derivatively, subsequently commenced this consolidated action against Weiner, Kaplan, and others, inter alia, to recover damages for the injuries he sustained as a result of the accident.
After the completion of discovery, Weiner and Kaplan moved for summary judgment dismissing the complaint insofar as asserted against them, contending that they neither created the alleged dangerous condition, nor had actual or constructive notice of it. In an order dated March 7, 2018, the Supreme Court denied their motion.
An owner of premises cannot be held liable for injuries caused by an allegedly [*2]defective condition unless the plaintiff establishes that the owner either created or had actual or constructive notice of the condition (see Gordon v American Museum of Natural History, 67 NY2d 836). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (id. at 837). However, "constructive notice will not be imputed where a defect is latent and would not be discoverable upon reasonable inspection" (Curiale v Sharrotts Woods, Inc., 9 AD3d 473, 475; see Lee v Bethel First Pentecostal Church of Am., 304 AD2d 798, 800). "If a defect could not have been discovered by a layman, even by inspection, it is considered a latent defect" (Rapino v City of New York, 299 AD2d 470, 471).
Here, Weiner and Kaplan failed to establish, prima facie, that they lacked constructive notice of the allegedly defective condition at the property (see Gordon v American Museum of Natural History, 67 NY2d at 837), or that such condition was a latent defect that could not have been discovered upon a reasonable inspection (see Gairy v 3900 Harper Ave., LLC, 146 AD3d 938, 939). Accordingly, the Supreme Court properly denied their motion for summary judgment dismissing the complaint insofar as asserted against them, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of the existence of triable issues of fact, we decline the plaintiffs' invitation to search the record and award them summary judgment against Weiner and Kaplan on the issue of liability.
CHAMBERS, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court