Johnson v 1451 Assoc., L.P. (2024 NY Slip Op 01537)

Johnson v 1451 Assoc., L.P.

2024 NY Slip Op 01537

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-04316
 (Index No. 513208/20)

[*1]Rashida Johnson, appellant, 
v
1451 Associates, L.P., et al., respondents.

Krentsel Guzman Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Clark & Fox, New York, NY (Jessica F. Napoli and Vanessa Caballero of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Delores J. Thomas, J.), dated April 13, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
In May 2020, the plaintiff allegedly fell due to a defect located on the top step of a stairway in her apartment building. Photographs reveal that a small part of the edge of the top step was missing or chipped. The building's superintendent repaired the edge of the step with an epoxy patch several years before the subject incident.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that she allegedly sustained as a result of this incident. The defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that the condition at issue was open and obvious and not inherently dangerous, and that they did not create or have notice of the condition. In an order dated April 13, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"A landowner has a duty to maintain its premises in a reasonably safe manner" (Ferruzzi v Village of Saltaire, 219 AD3d 1310, 1311; see Basso v Miller, 40 NY2d 233, 241). While there is "no duty to protect or warn against conditions that are open and obvious and not inherently dangerous" (Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154), when a dangerous condition exists on the premises, proof that the dangerous condition is open and obvious "does not preclude a finding of liability against an owner for failure to maintain property in a safe condition" (Holmes v Macy's Retail Holdings, Inc., 184 AD3d 811, 811). "The determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case" (id. [citations, alterations, and internal quotation marks omitted]; see Mazzarelli v 54 Plus Realty Corp., 54 AD3d 1008, 1009). "The issue of whether a condition is open and obvious and not inherently dangerous is case-specific, and usually a question of fact for a jury" (Clayton v Marcy Supermarket & Deli Corp., 191 AD3d 842, 843).
Here, the defendants' submissions, including photographs of the alleged defect, failed to eliminate all triable issues of fact as to whether the allegedly defective condition was open and obvious (cf. Burrell v New York City Tr. Auth., 151 AD3d 683, 684). While the plaintiff testified at her deposition that she had previously used the stairway and observed the allegedly defective condition, she also testified that she did not inspect the condition each time that she had used the stairway and that she had not noticed that the condition had worsened since she last observed it. A triable issue of fact remains as to whether the alleged defect was open and obvious inasmuch as "[t]he nature or location of some hazards, while they are technically visible, make them likely to be overlooked" (Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 72; see Francis v 107-145 W. 135th St. Assocs., Ltd. Partnership, 70 AD3d 599, 600).
Moreover, the defendants' submissions failed to eliminate all triable issues of fact as to whether the top step of the stairway was inherently dangerous and whether the stairway was maintained in a reasonably safe condition (see Russo v Home Goods, Inc., 119 AD3d 924, 926). While the defendants' expert opined in his affidavit that the defect in the top step did not present a tripping hazard, the photographs depicting the condition of the top step raised a triable issue of fact in that regard.
The defendants also failed to establish, prima facie, that they did not have actual or constructive notice of the allegedly defective condition since the superintendent of the building testified at his deposition that he had previously observed and attempted to repair the defect (see Alagna v Marsh & McLennan Cos., 263 AD2d 430, 430).
As the defendants failed to meet their initial burden as the movants, the Supreme Court should have denied the defendants' motion regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court