Rodriguez v Key Capital Funding LLC (2024 NY Slip Op 51063(U))

[*1]

Rodriguez v Key Capital Funding LLC

2024 NY Slip Op 51063(U)

Decided on August 18, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 18, 2024
Supreme Court, Kings County

Jaime Siguenza Rodriguez, Plaintiff,

against
Key Capital Funding LLC and MKPM LLC, Defendants.
KEY CAPITAL FUNDING LLC and MKPM LLC, Third-Party Plaintiffs,
against
WHITESTONE MARBLE & GRANITE CORP. and CRISTOBAL MORENO, President and Personal Guarantor of Whitestone Marble & Granite Corp., Third-Party Defendants.

Index No. 512760/2018

Lipsig, Shapey, Manus & Moverman, P.C., Manhattan (Joshua Block of counsel), for Jaime Siguenza Rodriguez, plaintiff.
Gannon, Rosenfarb & Drossman, Manhattan (Jason B. Rosenfarb of counsel), for Key Capital Funding LLC and MKPM LLC, defendants / third-party plaintiffs.
Newman, Myers, Kreines, Harris, P.C., Manhattan (Shahin Mashhadian of counsel), for Whitestone Marble & Granite Corp, third-party defendant.
Law Office of Peter Wessel, PLLC, Manhattan (Gergely Klima of counsel), for Cristobal Moreno, third-party defendant.

Aaron D. Maslow, J.

The following numbered papers were used on these motions:[FN1]

Submitted by Plaintiff in Support of Motion Sequence 6 and in Opposition to Motion Sequences 4 & 5
NYSCEF Doc No. 190: Notice of Motion of Plaintiff (MS 6)
NYSCEF Doc No. 191: Marc E. Freund Affirmation (MS 4, 5, 6)
NYSCEF Doc No. 192: Memorandum of Law (MS 4, 5, 6)
NYSCEF Doc No. 193: Plaintiff's Response to Statement of Undisputed Material Facts (MS 4)
NYSCEF Doc No. 194: Plaintiff's Response to Statement of Undisputed Material Facts (MS 5)
NYSCEF Doc No. 195: Exhibit A, Plaintiff's Deposition, 2/18/21 (MS 6)
NYSCEF Doc No. 196: Exhibit B, Plaintiff's Deposition, 12/8/20 (MS 6)
NYSCEF Doc No. 197: Exhibit C, Plaintiff's Deposition Photo Exhibits (MS 6)
NYSCEF Doc No. 198: Exhibit D. Surgical Reports (MS 6)
NYSCEF Doc No. 199: Exhibit E, Reynaldo Munoz Florez Affidavit (MS 6)
NYSCEF Doc No. 200: Exhibit F, Joaquin Moreno Affidavit (MS 6)
NYSCEF Doc No. 201: Exhibit G, Preservation Letters to Whitestone Marble & Granite Corp. and Key Capital Funding LLC (MS 6)
NYSCEF Doc No. 202: Exhibit H, Pleadings (MS 6)
NYSCEF Doc No. 203: Exhibit I, Order to Show Cause (MS 6)
NYSCEF Doc No. 204: Exhibit J, Court Order, 9/5/2018 (MS 6)
NYSCEF Doc No. 205: Exhibit K, Nicholas Bellizzi, P.E. Affidavit (MS 6)
NYSCEF Doc No. 206: Exhibit L, Discovery Demands (MS 6)
NYSCEF Doc No. 207: Exhibit M, Preliminary Conference Order and Subsequent Orders (MS 6)
NYSCEF Doc No. 208: Exhibit N, Third-Party Defendants' Responses to Plaintiff's Demands (MS 6)
NYSCEF Doc No. 209: Exhibit O, Cristobal Moreno's Deposition Transcript (MS 6)
NYSCEF Doc No. 210: Exhibit P, Third-Party Defendant's Response to Notice for Discovery & Inspection Second Set (MS 6)
NYSCEF Doc No. 211: Exhibit Q, Jose Luciano Cobos' Deposition Transcript (MS 6)
NYSCEF Doc No. 212: Exhibit R, Oswaldo Moreno Yanez's Deposition Transcript (MS 6)
NYSCEF Doc No. 213: Exhibit S, Jaime Valdiviezo's Deposition Transcript (MS 6)
NYSCEF Doc No. 214: Exhibit T, Fernando Inoa's Deposition Transcript (MS 6)
NYSCEF Doc No. 215: Exhibit U, Marshall Kesten's Deposition Transcript (MS 6)
NYSCEF Doc No. 216: Exhibit V, Plaintiff's Notice of Exchange of Witness Information (MS 6)
NYSCEF Doc No. 217: Exhibit W, Defendant' Witness Disclosure (MS 6)
NYSCEF Doc No. 218: Exhibit X, Lease Agreement (MS 6)
NYSCEF Doc No. 219: Exhibit Y, Cristobal Moreno Statement (MS 6)
NYSCEF Doc No. 220: Affidavit of Service (MS 6)
NYSCEF Doc No. 248: Marc Freund Reply Affirmation (MS 6)
NYSCEF Doc No. 249: Exhibit A, First Report of Injury, 4/23/18 (MS 6)
NYSCEF Doc No. 250: Marc Freund Reply Affirmation (MS 6)
NYSCEF Doc No. 251: Exhibit A, First Report of Injury, 4/23/18 (MS 6)
NYSCEF Doc No. 270: Proposed Order (MS 4, 5, 6)
NYSCEF Doc No. 271: Joshua Block Affirmation Identifying Parties (MS 6)
Submitted by Defendants / Third-Party Defendant Cristobal Moreno in Support of Motion Sequences 4 & 5
and in Opposition to Motion Sequence 6
NYSCEF Doc No. 142: Notice of Motion of Defendants (MS 4)
NYSCEF Doc No. 143: Statement of Uncontested Material Facts (MS 4)
NYSCEF Doc No. 144: Jason B. Rosenfarb Affirmation (MS 4)
NYSCEF Doc No. 145: Exhibit A, Supplemental Summons and Amended Complaint (MS 4)
NYSCEF Doc No. 146: Exhibit B, Defendants' Answer (MS 4)
NYSCEF Doc No. 147: Exhibit C, Third-Party Summons and Complaint (MS 4)
NYSCEF Doc No. 148: Exhibit D, Third-Party Defendant Whitestone Marble & Granite Corp.'s Amended Answer with Counterclaims (MS 4)
NYSCEF Doc No. 149: Exhibit E, Third-Party Defendant Cristobal Moreno's Answer (MS 4)
NYSCEF Doc No. 150: Exhibit F, Defendants' Demand for Bill of Particulars (MS 4)
NYSCEF Doc No. 151: Exhibit G, Plaintiff's Bill of Particulars (MS 4)
NYSCEF Doc No. 152: Exhibit H, Plaintiff's Deposition Transcript, 12/8/20 (MS 4)
NYSCEF Doc No. 153: Exhibit I, Plaintiff's Deposition Transcript, 2/18/21 (MS 4)
NYSCEF Doc No. 154: Exhibit J, Plaintiff's Deposition Photo Exhibits (MS 4)
NYSCEF Doc No. 155: Exhibit K, Fernando Inoa's Deposition Transcript (MS 4)
NYSCEF Doc No. 156: Exhibit L, Lease Agreement (MS 4)
NYSCEF Doc No. 157: Exhibit M, Marshall Kesten's Deposition Transcript (MS 4)
NYSCEF Doc No. 158: Exhibit N, Cristobal Moreno's Deposition Transcript (MS 4)
NYSCEF Doc No. 159: Exhibit O, Cristobal Moreno's Deposition Photo Exhibits (MS 4)
NYSCEF Doc No. 160: Exhibit P, Jose Luciano Cobos' Deposition Transcript (MS 4)
NYSCEF Doc No. 161: Exhibit Q, Oswaldo Moreno Yanez's Deposition Transcript (MS 4)
NYSCEF Doc No. 162: Exhibit R, Oswaldo Moreno's and Jaime Valdiviezo's Deposition Exhibits (MS 4)
NYSCEF Doc No. 163: Exhibit S, Jaime Valdiviezo's Deposition Transcript (MS 4)
NYSCEF Doc No. 164: Exhibit T, FDNY Prehospital Care Report with Witness Subpoena (MS 4)
NYSCEF Doc No. 165: Exhibit U, Stephanie Charles' Deposition Transcript (MS 4)
NYSCEF Doc No. 166: Defendants' Memorandum of Law (MS 4)
NYSCEF Doc No. 167: Notice of Motion of Third-Party Defendant Cristobal Moreno (MS 5)
NYSCEF Doc No. 168: Statement of Undisputed Material Facts (MS 5)
NYSCEF Doc No. 169: Peter Wessel Affirmation (MS 5)
NYSCEF Doc No. 170: Exhibit A, Amended Complaint (MS 5)
NYSCEF Doc No. 171: Exhibit B, Defendants' Answer (MS 5)
NYSCEF Doc No. 172: Exhibit C, Third-Party Summons and Complaint (MS 5)
NYSCEF Doc No. 173: Exhibit D, Third-Party Defendant Whitestone Marble & Granite Corp.'s Answer (MS 5)
NYSCEF Doc No. 174: Exhibit E, Third-Party Defendant Cristobal Moreno's Answer (MS 5)
NYSCEF Doc No. 175: Exhibit F, Lease Agreement (MS 5)
NYSCEF Doc No. 176: Exhibit G, Fernando Inoa's Deposition Transcript (MS 5)
NYSCEF Doc No. 177: Exhibit H, Cristobal Moreno's Deposition Transcript (MS 5)
NYSCEF Doc No. 178: Exhibit I, Plaintiff's Deposition Transcript, 12/8/20 (MS 5)
NYSCEF Doc No. 179: Exhibit J, Plaintiff's Deposition Photo Exhibit (MS 5)
NYSCEF Doc No. 180: Exhibit K, Plaintiff's Deposition Transcript, 2/18/21 (MS 5)
NYSCEF Doc No. 181: Exhibit L, Plaintiff's Bill of Particulars (MS 5)
NYSCEF Doc No. 182: Third-Party Defendant Cristobal Moreno's Memorandum of Law (MS 5)
NYSCEF Doc No. 183: Affirmation in Support (MS 4)
NYSCEF Doc No. 184: Affirmation of Service (MS 4)
NYSCEF Doc No. 185: Affirmation of Service (MS 5)
NYSCEF Doc No. 186: Affirmation of Service (MS 4)
NYSCEF Doc No. 187: Affirmation of Service (MS 5)
NYSCEF Doc No. 188: Cover Letter Transmitting Hard Copy of Motion Papers (MS 4)
NYSCEF Doc No. 189: Contents List of Hard Copy of Motion Papers (MS 4)
NYSCEF Doc No. 225: Shahin Y. Mashhadian Affirmation (MS 6)
NYSCEF Doc No. 226: Exhibit A, Cristobal Moreno Affirmation (MS 6)
NYSCEF Doc No. 227: Exhibit B, Response to Demands (MS 6)
NYSCEF Doc No. 228: Exhibit C, Plaintiff Demand (MS 6)
NYSCEF Doc No. 229: Exhibit D, Dhanraj Mangal Affirmation (MS 6)
NYSCEF Doc No. 230: Exhibit E, Fernando Inoa Affirmation (MS 6)
NYSCEF Doc No. 231: Affirmation of Service (MS 6)
NYSCEF Doc No. 232: Jason B. Rosenfarb Affirmation (MS 6)
NYSCEF Doc No. 233: Exhibit A, Fernando Inoa Affirmation (MS 6)
NYSCEF Doc No. 234: Exhibit B, Order, 9/5/18 (MS 6)
NYSCEF Doc No. 235: Affirmation of Service (MS 6)
NYSCEF Doc No. 236: Peter Wessel Affirmation (MS 6)
NYSCEF Doc No. 237: Cristobal Moreno Affirmation (MS 6)
NYSCEF Doc No. 238: Dhanraj Mangal Affirmation (MS 6)
NYSCEF Doc No. 239: Exhibit A, Proposal and Invoice for Purchase and Installation of Digital Recording
Surveillance System (MS 6)
NYSCEF Doc No. 240: Affirmation of Service (MS 6)
NYSCEF Doc No. 252: Jason Rosenfarb Reply Affirmation (MS 4)
NYSCEF Doc No. 253: Exhibit A, NYCityMap of 23-25 Montauk Avenue (MS 4)
NYSCEF Doc No. 254: Exhibit B, Plaintiff Exchange of Witness Information, 2/1/23 (MS 4)
NYSCEF Doc No. 255: Exhibit C, Final Pre-Note Order, 2/27/23 (MS 4)
NYSCEF Doc No. 256: Exhibit D, Peter Wessel Disclosure Affirmation (MS 4)
NYSCEF Doc No. 257: Exhibit E, Good-Faith Letter to Plaintiff, 5/3/23 (MS 4)
NYSCEF Doc No. 258: Reply Memorandum of Law (MS 4)
NYSCEF Doc No. 259: AI Affirmation (MS 4)
NYSCEF Doc No. 260: Affirmation of Service (MS 4)
NYSCEF Doc No. 261: Shahin Y. Mashhadian Reply Affirmation (MS 4)
NYSCEF Doc No. 262: Affirmation of Service (MS 4)
NYSCEF Doc No. 263: Shahin Y. Mashhadian Reply Affirmation (MS 5)
NYSCEF Doc No. 264: Affirmation of Service (MS 5)
NYSCEF Doc No. 265: Reply Memorandum of Law (MS 5)
NYSCEF Doc No. 266: Affirmation of Service (MS 5)
NYSCEF Doc No. 267: Proposed Order (MS 5)
NYSCEF Doc No. 268: Proposed Order (MS 6)
NYSCEF Doc No. 269: Proposed Order (MS 4)
NYSCEF Doc No. 272: Peter Wessel Affirmation Identifying Parties (MS 5)
Upon the foregoing papers, having heard oral argument [FN2]
, and due deliberation having been had, the within motion is determined as follows.
I. BACKGROUND
This is an action to recover damages for personal injuries allegedly sustained by Plaintiff Jaime Siguenza Rodriguez on April 16, 2018, as a result of tripping over an interior sewer cover (where the cover's hinges were embedded in the ground)[FN3]
and falling and then being struck by a forklift in the course of his employment with Third-Party Defendant Whitestone Marble & Granite Corp. ("Whitestone") at Whitestone's shop located at 25 Montauk Avenue, Brooklyn, New York. On the date of the alleged accident, Defendant Key Capital Funding LLC ("Key") owned the premises. Defendant MKPM LLC ("MKPM") managed properties owned by Key, including the subject premises. (The two Defendants collectively are referred to as "the Landlords.") Third-Party Defendants Whitestone and Cristobal Moreno, its president (collectively "the Tenant") occupied the entire premises pursuant to a written lease agreement.
Defendant Landlords' motion (Motion Seq. 4) seeks summary judgment and dismissal of all counterclaims against them, pursuant to CPLR § 3212 [a]. Third-Party Defendant Cristobal Moreno also filed a motion for summary judgment (Motion Seq. 5) that is nearly substantively identical to Defendant Landlords', and, as such, both motions will be treated as one by this Court and referred to as "the defense motions" for the purpose of clarity and efficiency.
On Plaintiff's own motion, which is Motion Seq. 6, Plaintiff, in addition to opposing Defendants' motions, also alleges spoliation with regard to security camera footage recorded of the incident via the CCTV system installed at the premises and in use at the time of the incident. As a result, Plaintiff seeks to strike Defendants' and Third-Party Defendants' answers or, in the alternative, preclude testimony that the alleged incident occurred anywhere except where Plaintiff alleges that it did. Finally, Plaintiff seeks leave to amend his bill of particulars to include specific statutory provisions that are alleged to have been violated.
II. CONTENTIONS
Movants in the defense motions argue that they are entitled to summary judgment and to [*2]have all counterclaims against them dismissed based on Defendants' status as an out of possession landlord that did not retain control over the property and was not obligated to maintain the concrete floor or metal sewer cover by contract or statute, and did not assume a duty to maintain the area by a course of conduct. They also argue that a cracked/uneven concrete floor and metal drain cover does not constitute a significant structural or design defect and does not violate any applicable code provision which would render Defendant Key, an out of possession owner, subject to liability. Lastly, they argue that MKPM is entitled to summary judgment on the same grounds and also because it is a managing agent, owing no duty to Plaintiff.
Plaintiff, in contrast, argues that with respect to the sewer cover, Defendant Landlords were never out of possession and never surrendered control. Plaintiff avers that Defendant Landlords had constructive notice of the hazardous condition of the sewer cover, as said condition existed for years prior to the date of the alleged accident. Plaintiff also argues that Defendant Landlords maintained control of the area, evidenced by the fact that following the accident, according to signed affidavits of two eyewitnesses, the owner sent in agents to fix the hazard. Lastly, Plaintiff argues that Defendant Landlords were statutorily obligated to maintain the sewer access cover pursuant to 1968 Building Code 27-896 [g]; the DEP Service Line Service Protection Standards [sic]; 2015 New York State Plumbing Code 101.2.7.2; and the 2015 International Plumbing Code [A] 102.3.
III. DISCUSSION
At issue in this decision are the following legal questions: (1) whether the signed affidavits by the two eyewitnesses proffered by Plaintiff are admissible, given that they do not include certificates of translation, (2) whether the moving defendants have met their burden on their motions for summary judgment, (3) whether it is appropriate to grant Plaintiff leave to amend his bill of particulars and (4) whether there was spoliation of evidence that has resulted in prejudice to Plaintiff.
A.
With regard to the admissibility of affidavits submitted in English without separate affidavits of translation pursuant to CPLR 2101 [b], the Second Department has held that such affidavits are inadmissible where there is evidence that the affiant cannot read and understand the English language (see Uy v Hussein, 186 AD3d 1567, 1569-70 [2d Dept 2020]). The standard requiring an affidavit of translation has also been applied when the affiant may read and understand the English language, but it is not the affiant's primary language (see Cupeles v Carballosa, 75 Misc 3d 1202[A], 2022 NY Slip Op 50342[U] [Sup Ct, Bronx County 2022].
However, the Court concludes that the affidavits are inadmissible for another reason. Defendant Landlords contend that Plaintiff purposefully hid the contact information for the two affiants at issue, in violation of a Court Order (Hon. Rachel Freier, J.S.C.) dated February 27, 2023, and that such information was only proffered to Defendants after Plaintiff filed a cross-motion, to which the sworn affidavits were attached as exhibits.
Plaintiff attempts to use these affidavits as support for the argument that Defendant Landlords maintained at least some control over the premises, an essential element for a claim of [*3]liability in this instance. However, in the affidavits, both employees attest also to the fact that they saw the accident happen. Because of this, Plaintiff, pursuant to the language of Justice Freier's order, was required to provide contact information for the two individuals. Based on all of the evidence submitted to this Court, Plaintiff did not do so. As a result, this Court finds that the appropriate remedy is to preclude these affidavits from consideration on these motions.
B.
Defendant Landlords qualify as out-of-possession landlords. As such, the legal standard for premises liability is well settled in New York (see, e.g., Broughal v Kwon, 181 AD3d 641, 641 [2d Dept 2019] ["An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct."]).
The Second Department has held that "a landlord's mere reservation of the right to enter a leased premises to make repairs or correct improper conditions is insufficient to give rise to liability for a subsequently arising dangerous condition" (Lafleur v Power Test Realty Co. Ltd. Partnership, 159 AD2d 691, 692 [2d Dept 1990] [citing Silver v Brodsky, 112 AD2d 213 [2d Dept 1985]).
The Court of Appeals has held that control is a question of both fact and law (Gronski v County of Monroe, 18 NY3d 374 [2011] [citing Ritto v Goldberg, 27 NY2d 887 [1970]). Further, the Gronski Court established that
when a landowner and one in actual possession have committed their rights and obligations with regard to the property to a writing, [a court must] look not only to the terms of the agreement but to the parties' course of conduct—including, but not limited to, the landowner's ability to access the premises—to determine whether the landowner in fact surrendered control over the property such that the landowner's duty is extinguished as a matter of law" (Gronski, 18 NY3d at 380-81).
Given their status as out-of-possession landlords, liability can only apply if Defendants maintained control over the premises. The Court finds that, as a matter of law, they did not.
While the question of control is one of both fact and law, the court does not find that Defendant Landlords demonstrated any course of conduct that otherwise induced reliance, as was the case in Gronski. Additionally, the Court finds the inspections conducted by Fernando Inoa, even if considered to be routine in nature, do not rise to the same level of "unfettered access to the premises" as seen in Gronski.
Although the lease established that there are certain things that the landlord reserved the right to repair, the Court holds this to be merely a reserved right of reentry to make repairs, similar to that seen in, for example, Lafleur.
Nonetheless, liability may be imposed on an out-of-possession landlord who has retained a right of re-entry when there exists a significant structural or design defect that is contrary to a specific statutory safety provision (see Babich v R.G.T. Rest. Corp., 75 AD3d 439 [1st Dept 2010]; Nameny v East NY Sav. Bank, 267 AD2d 108 [1st Dept 1999]; cf. Worth Distribs. v Latham, 59 NY2d 231 [1983]
Was the condition where Plaintiff tripped a structural defect? This Court has scrutinized the photographs submitted and finds that the condition was not a structural defect. There are areas chipped from the concrete into which the sewer trap door hinges were embedded. These were "transitory maintenance conditions that did not constitute structural or design defects" (Chery v Exotic Realty, Inc., 34 AD3d 412 [2d Dept 2006]; see Padilla v Holrod Assoc. LLC, 215 AD3d 573 [1st Dept 2023] [cracked step]; Coularis v Harbor Boat Realty, Inc., 31 AD3d 686 [2d Dept 2006] [broken floor tiles and missing drain pipe cover]; Nunez v Alfred Bleyer & Co., Inc., 304 AD2d 734 [2d Dept 2003] [window defect]; Eckers v Suede, 294 AD2d 533 [2d Dept 2002] [floor condition]; accord Baez v Barnard Coll., 71 AD3d 585 [1st Dept 2010] [open trap door]; Rhian v PABR Assoc., LLC, 38 AD3d 637 [2d Dept 2007] [upward slope in floor]; Rapino v City of New York, 299 AD2d 470 [2d Dept 2002] [misaligned drain cover]; Morrone v Chelnik Parking Corp., 268 AD2d 268 [1st Dept 2000] [tilted and wobbly drain cover]; Conti v Kimmel, 255 AD2d 201 [1st Dept 1998] [open trap door]; Czerkas v Jonre Realty Co., 200 AD2d 821 [3d Dept 1994] [broken concrete around drain]). Again, it is noted that Plaintiff described the "defect" his foot was caught on as "a crack, a hole" (NYSCEF Doc No. 196 at 41, lines 9-10). It was "[o]n the ground" (id. at 44, line 21).
To the extent that Plaintiff relies upon codes and regulations, they are not statutory provisions (see Bauer v Female Academy of Sacred Heart, 97 NY2d 445 [2002]; Elliott v New York, 95 NY2d 730 [2001]; Palmatier v Mr. Heater Corp., 163 AD3d 1228 [3d Dept 2018]; Hill v Cartier, 258 AD2d 699 [3d Dept 1999]).
In any event, Defendant MKPM was a managing agent and, as such, owed no duty of care to Plaintiff (see Espinal v Melville Snow Contractors, Inc., 98 NY2d 136 [2002]; Lattimore v Thackurdeen, 194 AD3d 915 [2d Dept 2021]; Baulieu v Ardsley Assoc., L.P., 85 AD3d 554 [1st Dept 2011]; Roveccio v Ry Mgt. Co., Inc., 29 AD3d 562 [2d Dept 2006]).
Based on the foregoing, the defense motions should be granted. As a result of this ruling, the Court denies the relief requested by Plaintiff with respect to other legal issues enumerated above, as they have been rendered academic.
IV. CONCLUSION
Accordingly, it is hereby ORDERED as follows:
With respect to Motion Seq. 4, Defendants Key Capital Funding LLC and MKPM LLC's motion for summary judgment dismissing Plaintiff's complaint and all counterclaims asserted against them is GRANTED. Plaintiff's complaint is dismissed and the Clerk shall enter judgment in favor of said Defendants.
With respect to Motion Seq. 5, Third-Party Defendant Cristobal Moreno's motion for summary judgment is GRANTED on the basis that the complaint against Defendants is dismissed.
With respect to Motion Seq. 6, Plaintiff's motion seeking to strike the answers of Defendants and Third-Party Defendants on the ground of spoliation of evidence or, in the alternative, to preclude them from disputing where the accident occurred, and for leave to amend the bill of particulars is DENIED.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Regardless of the motion sequence number under which a paper was filed, it was considered in support of the filing party's position and in opposition to the adverse party's or parties' positions.
Footnote 2:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 3:Plaintiff described the "defect" his foot was caught on as "a crack, a hole" (NYSCEF Doc No. 196 at 41, lines 9-10). It was "[o]n the ground" (id. at 44, line 21).